IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT LEE FELLOWS, JR.                                                                    PLAINTIFF

    v.                              Civil No. 4:11-cv-04016

OFFICER SHAWN COLLINS, Hope
Police Department; HOPE POLICE
DEPARTMENT; and JUDGE
TONY YOCUM                                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Robert Lee Fellows, Jr., filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

    Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Paul K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. For the reasons discussed below, I recommend this case be dismissed prior to service of process.

**1. Background**

    On July 23, 2010, while he was walking home, Fellows states he was stopped and detained by Officer Shawn Collins. Collins indicated there had been a reported commercial burglary and he wanted to know where Fellows got the radio he was carrying. Fellows replied that he had found the radio on the ground. Fellows denied any knowledge of a burglary. Fellows later learned that it was his brother and sister-in-law who called the police regarding the burglary.

    Fellows had his first appearance that day before District Judge Tony Yocum. Fellows

declined an appointed attorney indicating that he intended to retain one. His next court appearance was scheduled for September 16, 2010.

In August, Fellows wrote to Judge Yocum stating that he did not have the funds to retain an attorney and asking that one be appointed for him. In response, he was told the request for appointed counsel needed to be addressed to the Circuit Judge since a felony charge was involved.

Fellows believes that Collins "has made it his business to take me to jail any chance he has had." (ECF No. 1 pg. 8). Fellows maintains he does not even fit the description of the burglar but was stopped by Collins anyway.

Fellows maintains he has been falsely accused of the crime of burglary and attempted burglary. He asks that the charges against him be dismissed and he be released from custody.

**2. Discussion**

This case is subject to dismissal. First, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such

> a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Fellows does not deny the procedures utilized during his arrest were proper or that proper procedures are being utilized in detaining him and to bring him to trial in Hempstead County on the criminal charges. Rather, he merely claims he is innocent of the charges. I conclude Fellows has stated no claim that his rights under the Due Process Clause have been violated.

Second, the "Constitution does not mention malicious prosecution nor do[es Fellows] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Third, the Hope Police Department is not subject to suit. The department is a building and not a person or legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Fourth, Judge Tony Yocum, a Hempstead County District Judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir.

1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Fifth, to the extent Fellows' complaint can be read to assert a claim that he has been falsely arrested and incarcerated, it is subject to dismissal. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim that would necessarily imply the invalidity of a conviction is premature.

In *Heck*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487, 114 S. Ct. at 2372-73(footnotes omitted). Thus, Fellows' false arrest and false imprisonment claims are simply not cognizable under § 1983.

### 3. Conclusion

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous, fail to state claims on which relief can be granted, assert claims against entities not subject to suit under § 1983, and/or individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-

(iii)(IFP action may be dismissed on such grounds at any time).  The dismissal of this case will constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  The Clerk should be directed to place a § 1915(g) strike flag on the case.

**Fellows has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Fellows is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE